**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL.* RANSOME ETINDI, M.D. | § § § | **3-13CV3010-B** |
| Plaintiff, | § § | CIVIL ACTION NO. |
| VS. | § § | |
| DALLAS MEDICAL CENTER, LLC | § § | |
| Defendant. | § § | |

**COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT, 31 U.S.C. §§ 3729 et seq. FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2); JURY DEMAND**

### I.  INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false statements and claims made, presented, and caused to be presented by Defendant DALLAS MEDICAL CENTER, LLC ("Defendant" or "Dallas Medical Center") and/or its agents, employees, and co-conspirators in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq.

### II.  THE PARTIES

2. Plaintiff, UNITED STATES OF AMERICA *EX REL.* RANSOME ETINDI, M.D. ("Etindi," "Relator," or "Plaintiff") is an individual and citizen of the United States of America residing in Dallas, Texas. Etindi is the original source of information, as alleged below. Etindi has direct and independent knowledge of all publicly disclosed information that materially adds to the allegations and transactions described herein. Etindi has voluntarily provided this information to the Government before and/or contemporaneous with filing the present Complaint.

3. Dallas Medical Center is a limited liability company organized and existing under the laws of the State of Texas, and with a principal place of business in Dallas, Texas. Dallas Medical Center is a full service acute care hospital.

### III.   JURISDICTION AND VENUE

4. Plaintiff brings this action on behalf of the United States of America under the provisions of the Federal False Claims Act: 31 U.S.C. §§ 3729 et seq. As such, this Court has original subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1345.

5. Venue is appropriate in this judicial district under 31 U.S.C. § 3732(a) because Dallas Medical Center resides in and transacts business in this judicial district, where it also has a principal place of business; and some of the acts alleged below (as violations of 31 U.S.C. §§ 3729(a)(1)(A)-(B)) occurred in this judicial district.

### IV.   BACKGROUND ALLEGATIONS

6. Etindi is a medical doctor, specializing in internal medicine, licensed to practice medicine in Texas since 2001.

7. Dallas Medical Center routinely admits Medicare patients, sometimes for long-term stays.

8. From April 2011 until May 2013, Etindi provided in-home medical care for patients through U.S. Physician Visits, a company in Dallas, Texas that provided home healthcare services, and had an ongoing arrangement to admit patients to Dallas Medical Center.

9. When Medicare patients are hospitalized for long-term stays at Dallas Medical Center, Medicare reimburses Dallas Medical Center for a maximum number of days.

10. Etindi provided in-home medical care for at least two Medicare patients who were subsequently admitted to Dallas Medical Center. When Etindi provided in-home medical care for these two patients after they were released from Dallas Medical Center, these patients complained that their stays at Dallas Medical Center were too long, and that they did not get the treatment they were admitted for. Etindi confirmed that these patients' stays were beyond the length of stay indicated by their diagnosis related group, and that they did not get the treatment

2

they were admitted for.

11. Etindi saw the first of the two Medicare patients ("M.D.") at home sometime in or around late 2011 for asthma-related symptoms. Then, in or around late 2011 or early 2012, M.D. was admitted to Dallas Medical Center for bariatric surgery. Patients spend an average of three to five days in the hospital following bariatric surgery, and sometimes longer if complications develop. M.D. remained at Dallas Medical Center for more than thirty days.

12. Etindi saw the second of the two Medicare patients ("D.R.") at home sometime in early 2012 for diabetes treatment. D.R. was expecting gallbladder surgery. D.R. was admitted to Dallas Medical Center in or around March or April 2012. D.R.'s diagnosis only required two or three days of hospitalization, but D.R. remained at Dallas Medical Center for more than thirty days. Moreover, D.R.'s gallbladder was not removed.

13. Dallas Medical Center submitted claims for payment to Medicare by extending the stays of these (and others, upon information and belief) Medicare patients without medical necessity. In so doing, Dallas Medical Center intended to claim the maximum amount allowable under Medicare rules and regulations.

14. Had Medicare known that Dallas Medical Center was extending the stays of Medicare patients without medical necessity, and submitting claims for payment, Medicare would not have paid these claims. To Etindi's knowledge, Dallas Medical Center submitted such false claims to the Medicare program since at least April 2011.

## V. FIRST CAUSE OF ACTION

## FOR VIOLATIONS OF THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3729(a)(1)(A)-(B), AGAINST DEFENDANT DALLAS MEDICAL CENTER

15. Plaintiff re-alleges, as if fully set forth below, all of the allegations contained in paragraphs 1 through 14, inclusive, of this Complaint.

16. Dallas Medical Center made requests and/or demands for money to an officer, employee, and/or agent of the United States.

17. Dallas Medical Center's requests and/or demands for money to an officer,

employee, and/or agent of the United States were made with either: Actual knowledge that the requests and/or demands were submitted for extending patient stays without medical necessity to receive additional reimbursement from Medicare; deliberate ignorance of the truth or falsity of whether the requests and/or demands were submitted for extending patient stays without medical necessity to receive additional reimbursement from Medicare; and/or reckless disregard of the truth or falsity of whether the requests and/or demands were submitted for extending patient stays without medical necessity to receive additional reimbursement from Medicare.

18. Through the acts described above, Dallas Medical Center knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval.

19. Through the acts described above, Dallas Medical Center knowingly made, used, and/or caused to be made or used, false records and/or statements material to false or fraudulent claims.

20. The United States, unaware of the falsity of the claims, records, and/or statements made or submitted by Dallas Medical Center, paid and continues to pay Dallas Medical Center for claims that would not be paid if the true facts were known.

21. As a proximate cause of Dallas Medical Center's false claims, records, statements, and/or omissions, the United States of America has been damaged in an amount exceeding the jurisdictional limit, and to be proven at trial.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests damages as follows:

1. That Defendant cease and desist from violating the False Claims Act;

2. That the Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained as a result of Defendant's actions, as well as a civil penalty of $10,000.00 for each violation of the False Claims Act;

3. That Relator be awarded the maximum amount of the recovery allowed under 31 U.S.C. § 3730(d) of the False Claims Act;

4. That the Court award all costs and expenses of this action, including attorneys' fees, with pre- and post-judgment interest; and

5. For all other relief that the Court deems just and proper.

Respectfully submitted,

August 1, 2013

KHOURI LAW FIRM

*Michael J. Khouri*
Michael J. Khouri
Texas Bar No. 24073809

1701 North Market Street, Suite 318, L.B. 45
Dallas, Texas  75202
Telephone:  (469) 364-8063
Fax:  (469) 364-8051
Email:  mkhouri@khourilaw.com

Attorney for Plaintiff/Relator
RANSOME ETINDI, M.D.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator demands a trial by jury in this action.

Respectfully submitted,

August 1, 2013

KHOURI LAW FIRM

*/s/ Michael J. Khouri*
Michael J. Khouri
Texas Bar No. 24073809

1701 North Market Street, Suite 318, L.B. 45
Dallas, Texas  75202
Telephone:  (469) 364-8063
Fax:  (469) 364-8051
Email:  mkhouri@khourilaw.com

Attorney for Plaintiff/Relator
RANSOME ETINDI, M.D.

## **CERTIFICATE OF SERVICE**

On August 1, 2013, I certify that I served the foregoing document, as well as a document entitled "WRITTEN DISCLOSURE OF SUBSTANTIALLY ALL MATERIAL EVIDENCE AND INFORMATION PURSUANT TO 31 U.S.C. § 3730(b)(2)" by placing a true copy thereof in a sealed envelope, with prepaid postage and return receipt requested, addressed to:

Civil Process Clerk

United States Department of Justice, Office of the Attorney General

950 Pennsylvania Avenue, NW

Washington, DC 20530

Civil Process Clerk

Office of the United States Attorney

Northern District of Texas, Dallas Office

1100 Commerce Street, Third Floor

Dallas, TX 75242

_____
Jonathan Knauft

JS 44 (Rev. 09/11)

**3-13CV3010-B**

**SEALED**

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America ex rel. Ransome Etindi, M.D.

## DEFENDANTS
Dallas Medical Center, LLC

RECEIVED AUG 2 2013

**(b)** County of Residence of First Listed Plaintiff  Dallas, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dallas, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael J. Khouri: Khouri Law Firm, 1701 N. Market St., Suite 318, L.B. 45, Dallas, TX 75202; (469) 364-8063

Attorneys *(If Known)*
Unknown at this stage.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. sections 3729 et seq.
Brief description of cause:
Violation of False Claims Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ one hundred million dollars ($100,000,000)
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/31/2013
SIGNATURE OF ATTORNEY OF RECORD: *Michael J. Khouri*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____